UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

KEVIN T. CLARK,                                  :
                                                 :
              Plaintiff,                         :        Civ. No. 14-2142 (RBK) (AMD)
                                                 :
       v.                                        :        **OPINION**
                                                 :
DENISE CAPALDI-CORSI, et al.,                    :
                                                 :
              Defendants.                        :
_____        :

**ROBERT B. KUGLER, U.S.D.J.**

## I.        INTRODUCTION

Plaintiff is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. §
1983.  Plaintiff's application to proceed *in forma pauperis* will be granted based on the
information provided therein and the Clerk will be ordered to file the complaint.

The Court must now review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and
1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state
a claim upon which relief may be granted, or because it seeks monetary relief from a defendant
who is immune from suit.  For the reasons set forth below, the complaint will be dismissed with
prejudice in part and without prejudice in part.

## II.       BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening.
Plaintiff names five defendants in the complaint:  (1) Denise Capaldi-Corsi – Court Clerk
Vicinage XV Drug Court; (2) Kimberly Cherim-Clinton – Team Leader Vicinage XV Drug
Court; (3) Nailah Green – TASC Evaluator Vicinage XV Drug Court; (4) Jennifer Ivins – TASC

1

Evaluator Vicinage XV Drug Court; and (5) Jacqueline Caban, Esq. – Assistant Prosecutor for th

Gloucester County Prosecutor's Office.

Plaintiff's complaint arises from his dealings in "drug court."  He states that on April 5,

2013, Clinton failed to put his drug court application into promis/gavel to produce a court date.

He claims that he wrote many letters to her pertaining to his drug court application to which

Clinton failed to reply to.  Additionally, plaintiff states that Clinton harbors personal feelings and

discriminated against plaintiff with respect to his entry into drug court where he is legally

eligible.

Plaintiff alleges that Corsi failed to produce writs to have him in court.  He also claims

that Corsi gave him extended court dates which denied him due process and acted on her

personal feelings.

Plaintiff states that Green has harbored personal feelings to deny him entry into drug

court.

Plaintiff claims that Ivins found him eligible for drug court but that she filed a report

which caused him to be denied into the program.

Finally, plaintiff states that Caban was the prosecutor for the drug court and issued a

verbal rejection to his drug court application.  Plaintiff alleges that Caban's failure to submit a

written rejection left his defense lawyer without a basis to appeal.  However, plaintiff also states

that Caban submitted a written brief to black his entry into drug court based on her personal

feelings.

Plaintiff requests the following as relief:  (1) transfer to another vicinage "where I can

have a fair chance at drug court"; (2) monetary compensation; (3) that defendants be

reprimanded; and (4) comparing vicinage XV drug court to Camden/Mercer Counties.

### III.   STANDARD OF REVIEW

A. <u>Standard for *Sua Sponte* Dismissal</u>

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B. <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law.  *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.      DISCUSSION

A. <u>Court Staff Defendants – Corsi, Clinton, Green & Ivins</u>

Plaintiff raises issues associated with defendants Corsi, Clinton, Green and Ivins in their capacity as court staff.  More specifically, plaintiff complains about their actions associated with his drug court proceedings.  For example, plaintiff complains about the failure to obtain a court dates, failure to reply to his inquiries and reports by the court's TASC evaluators.

"Absolute immunity does not apply in every action against a judge or court personnel. Rather, 'it [is] the nature of the function performed, not the identity of the actor who performed it, that informs[ ] [an] immunity analysis.'" *Kwasnik v. LeBlon*, 228 F. App'x 238, 243 (3d Cir. 2007) (per curiam) (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)). "'When judicial immunity is extended to officials other than judges, it is because their judgments are 'functional[ly] comparab[le] to those of judges – that is, because they, too, 'exercise a discretionary judgment' as a part of their function.'" *Id.* at 243-44 (quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993)). However, "[q]uasi-judicial officers who act in accordance with their duties or at the direction of a judicial officer are immune from suit." *Stout v. Naus*, No. 09-0380, 2009 WL 1794989, at *3 (M.D. Pa. June 23, 2009) (citing *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 772-73 (3d Cir. 2000); *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)); *see also Sirbaugh v. Young*, 25 F. App'x 266, 268 (6th Cir. 2001) ("[J]udicial employees are immune from damages for the performance of quasi-judicial duties.") (citations omitted).

In this case, it appears from the complaint that plaintiff is alleging claims against the court employee defendants associated with their functions in assisting with the judicial process in the drug court. As such, these defendants are immune. *See Stout*, 2009 WL 1794989, at *3 (citing *Marcedes v. Barrett*, 453 F.2d 391 (3d Cir. 1971) (holding that quasi-judicial immunity applied to clerk of courts, an administrative assistant to the present judge and a court reporter); *Henig v. Odorioso*, 385 F.2d 491, 494 (3d Cir. 1967) (holding that judicial employees executing judicial orders are immune from suit); *Davis v. Philadelphia Cnty.*, 195 F. Supp. 2d 686 (E.D. Pa. 2002) (holding that quasi-judicial immunity applies to court staff, such as clerks of judicial records and court reporters)). This immunity also applies to the extent plaintiff is seeking

injunctive relief against these defendants.  *See Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009).

Nevertheless, plaintiff also alludes to the fact that some of these defendants discriminated against him.  It is unclear whether plaintiff is alluding to purported discrimination by these defendants in the context of their judicial staff duties.  Therefore, the Court will separately analyze this claim.  Liberally construing the complaint, the Court construes such an allegation as a potential attempt by plaintiff as raising an equal protection claim.  "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  Thus, to state a claim under the Equal Protection Clause, a plaintiff must allege that:  (1) he is a member of a protected class; and (b) he was treated differently from similarly situated inmates.  *See id.*   Where the plaintiff does not claim membership in a protected class, he must allege arbitrary and intentional discrimination in order to state an equal protection claim.  *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  Specifically, he must state facts showing that:  "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment."  *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

Plaintiff does not allege that he was discriminated against based on his membership in a protected class in the complaint.  Therefore, his equal protection claim can only proceed if he has sufficiently alleged facts under the "class-of-one" theory as stated in *Olech* and *Hill*.

Plaintiff's allegations fail under the *Iqbal* pleading standard to state an equal protection claim under a "class of one" theory.  Plaintiff's sole allegation in the complaint with respect to this claim is that he was discriminated against.  This does not even amount to a thread bare recital of stating a class-of-one theory.  Indeed, complaints that have alleged more than plaintiff has stated have been found to not state a class-of-one theory claim.  *See, e.g., Perano v. Twp. of Tilden*, 423 F. App'x 234, 238-39 (3d Cir. 2011) ("Perano has simply alleged that he was treated differently from 'other similarly situated residential and commercial developers.'  Without more specific factual allegations as to the allegedly similar situated parties, he has not made plausible the conclusion that those parties exist and that they are like him in all relevant aspects.  Accordingly, Perano has failed to state an Equal Protection claim.") (internal citation omitted); *Mann v. Brenner*, 375 F. App'x 232, 238-39 (3d Cir. 2010) (finding that district court properly dismissed "class of one" equal protection claim where plaintiff's allegations that he was selectively and vindictively cited and prosecuted by the City in an effort to force him into cooperation with York College amounted "to nothing more than 'a formulaic recitation of the elements' of a constitutional discrimination claim.") (quoting *Iqbal*, 129 S. Ct. 1951); *Myers v. Shaffer*, No. 11-1107, 2012 WL 3614614, at *12-13 (W.D. Pa. Aug. 21, 2012) (dismissing "class of one" equal protection claim as plaintiff's allegations amounted to nothing more than a thread bare recitation of the elements needed to bring his claim).  Thus, to the extent that plaintiff is alleging an equal protection claim, it will be denied without prejudice against the court defendants.

B. <u>Prosecutor Defendant – Caban</u>

Plaintiff also names Assistant Prosecutor Caban as a defendant.  A state prosecuting attorney who acts within the scope of her duties in initiating and pursuing a criminal prosecution

is not amenable to suit under § 1983.  *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also Arsad v. Means*, 365 F. App'x 327, 329 (3d Cir. 2010) (per curiam).  A prosecutor's appearance in court as an advocate of the state's position or the presentation of evidence at a hearing is protected by absolute immunity.  *See Burns v. Reed*, 500 U.S. 478, 492 (1991).

Plaintiff's claims against Caban relate to her actions as a prosecutor during plaintiff's "drug court" proceedings.  Accordingly, plaintiff fails to state a claim against Caban for damages because she was immune from suit as she was acting within the very core of her function as a prosecutor.

Plaintiff also alludes to the fact that Caban discriminated against him.  To the extent that such a claim would fall outside of the prosecutorial immunity afforded Caban, plaintiff fails to state a claim for the same reasons he failed to state an equal protection claim against the court staff defendants.

Nevertheless, this does not end the inquiry with respect to Caban's potential liability as plaintiff also seeks injunctive and declaratory relief in his complaint as previously noted.  *See Blakeney v. Marsico*, 340 F. App'x 778, 779 (3d Cir. 2009) (per curiam) ("[P]rosecutors are not immune from suit as to requests for declaratory or injunctive relief.") (citing *Supreme Court of Va. v. Consumers Union of the U.S.*, 446 U.S. 719, 736 (1980); *Jordan v. Nat'l Guard Bureau*, 799 F.2d 99, 110 (3d Cir. 1986)).  The Court reads the complaint as seeking to have this Court intervene in plaintiff's presumably criminal proceedings in "drug court."  Thus, it appears that plaintiff is seeking federal interference in his ongoing criminal case.  "Absent extraordinary circumstances, where the danger of irreparable loss is both great and immediate, injunctive relief is not available."  *Tinsley v. Adams*, 248 F. App'x 309, 311 (3d Cir. 2007) (per curiam) (citing

*Younger v. Harris*, 401 U.S. 37, 45-46 (1971)).  Plaintiff fails to allege that such extraordinary circumstances are present here.

## V.  CONCLUSION

For the foregoing reasons, the complaint will be dismissed.  This dismissal shall be without prejudice as to plaintiff's equal protection claim and his claim for injunctive relief against Caban, but shall be with prejudice as to his remaining claims against the defendants.


DATED:   March 31, 2015

                                        s/Robert B. Kugler
                                        ROBERT B. KUGLER
                                        United States District Judge